UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NICHOLAS SERRANO BY AND
THROUGH HIS GUARDIAN AD
LITEM, JOSE ANTHONY SERRANO,

          Plaintiff,

     v.

CITY OF STOCKTON, COUNTY OF
SAN JOAQUIN, CALIFORNIA,
STATE OF CALIFORNIA, DOES 1-
10, MOES 1-50, AND ROES 1-50,

         Defendants.

No. 2:24-cv-00442-JAM-CSK

**ORDER GRANTING CITY OF
STOCKTON'S BILL OF COSTS IN PART**

Plaintiff has objected to Defendant City of Stockton's Bill of Costs following the Court's granting of partial summary judgment in City of Stockton's favor, arguing the Court should reduce City of Stockton's requested costs or, in the alternative, deny the costs altogether based on Plaintiff's inability to pay. As discussed below, the Court will grant City of Stockton's request for costs in part and deny them in part.  The Court will award City of Stockton $6,800.12 in costs.

///

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Nicholas Serrano sustained serious injuries following a police chase and filed the present action in state court against Defendants City of Stockton, County of San Joaquin, Does 1-10, Moes 1-50, and Roes 1-50 for (1) negligence; (2) intentional infliction of emotional distress; (3) assault; (4) battery; (5) negligent hiring, supervision, and retention; and (6) violation of the Fourth Amendment under 42 U.S.C. § 1983. ECF No. 1.  On February 9, 2024, City of Stockton removed the case to federal court under federal question jurisdiction.  Id.

The Court dismissed Plaintiff's claims against Does 1-10, Moes 1-50, and Roes 1-50 on April 29, 2024.  ECF No. 13.  City of Stockton and County of San Joaquin filed Motions for Summary Judgment on November 4, 2025, seeking judgment on all causes of action against them.  ECF Nos. 21, 22.  In response, Plaintiff conceded that summary judgment was appropriate on his claims for battery, negligent hiring, supervision, and retention, and violation of the Fourth Amendment under 42 U.S.C. § 1983.  ECF No. 23-1 at 5; ECF No. 24-1 at 5.  Thus, the Court granted summary judgment on Plaintiff's fourth, fifth, and sixth causes of action in favor of City of Stockton and County of San Joaquin.  ECF No. 30.  The Court further declined to exercise supplemental jurisdiction over Plaintiff's first, second, and third causes of action, and dismissed those claims without prejudice.  Id.  Judgment was entered on December 10, 2025.  ECF No. 31.

City of Stockton filed their Bill of Costs on December 24, 2025, seeking $15,071.23.  ECF No. 33.  Plaintiff filed Objections on December 31, 2025.  ECF No. 33.  A hearing was set

for February 10, 2026.[1]  The matter was submitted without oral argument pursuant to Local Rule 230(g).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs."  Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000).  Given this presumption, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded."  Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).  If the court declines to award costs as requested by the prevailing party, it should specify its reasons for doing so.  Berkla v. Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002).

## III. OPINION

City of Stockton requests (1) $405 in filing fees; (2) $9,020.60 in deposition transcript fees; and (3) $5,645.63 in "other costs" for subpoena fees.  Bill of Costs at 1, ECF No. 33. Plaintiff argues the Court should deny or reduce City of Stockton's requested costs because (1) the deposition transcripts were not necessary for the Court to rule on summary judgment; (2) the subpoena fees are overinflated; and (3) Plaintiff and his Guardian ad Litem would be rendered indigent by a costs award.

---

[1] County of San Joaquin also filed their Bill of Costs on December 19, 2025, seeking $181.84.  ECF No. 32.  However, no objections were filed.

3

Objs. at 3-5, ECF No. 34.  The Court will consider each objection in turn.

  A. City of Stockton's Deposition Costs

  Plaintiff objects that City of Stockton's deposition fees are not taxable because the depositions were not necessary for the Court to rule on summary judgment.  Objs. at 3-4.  The Court largely overrules this objection.

  28 U.S.C. section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441—42 (1987).  These expenses include "transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Depositions are typically "necessarily obtained" when they are or will be used in connection with trial or summary judgment, for impeachment, or to show damages.  See Indep. Iron Works, Inc. v. U.S. Steel Corp., 322 F.2d 656, 678 (9th Cir. 1963).  However, a district court may tax costs related to deposition transcripts, even if the transcripts were not ultimately used in connection with summary judgment or trial.  See Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc., 260 F.3d 1054, 1061 (9th Cir. 2001) ("[The court] can, in its discretion, tax those costs even if the items in question were not used at trial.");

  Here, City of Stockton seeks to recoup fees related to the deposition transcripts for (1) Plaintiff; (2) Richard Garcia; (3) Eric Hutton; (4) Carlos Carrasquel; (5) Jason Underwood; (6) Daniel Lowry; and (7) Sean Ross.  Bill of Costs at 3.  Of those, City of Stockton relied on Plaintiff and Hutton's deposition transcripts in their Motion for Summary Judgment.  ECF

No. 21-3.  City of Stockton also relied on declarations from Carrasquel and Ross in seeking summary judgment.  Id.  Plaintiff, for his part, relied on Garcia, Hutton, Carrasquel, Lowry, and Ross's deposition transcripts in his Opposition to Summary Judgment.  ECF No. 23-3.  Given that these were important witnesses to both Parties in seeking and defending against summary judgment, the Court finds that fees associated with those depositions are taxable.  See Simons v. Costco Wholesale Corp., No. 3:18-cv-00755-SB, 2021 WL 1244309, at *4 (D. Or. Feb. 22, 2021) ("It is well settled that depositions relied on at summary judgment are 'necessarily obtained for use in the case.'").

As for Underwood, his testimony was not clearly relied on by either Party in their summary judgment briefings.  See ECF Nos. 21, 23, 28.  Accordingly, the Court will discount the $1,471.00 sought by City of Stockton for his deposition transcript.

In sum, the Court finds that $7,549.60 of City of Stockton's requested deposition transcript fees are taxable.

B.    City of Stockton's Subpoena Costs

Plaintiff also objects that City of Stockton's subpoena fees should be reduced because the fees are overinflated.  Objs. at 4. At most, Plaintiff asks that the Court award $65 in costs per subpoena, which is the amount that Plaintiff contends may be charged by the United States Marshals for service of a subpoena. Id.  The Court disagrees.

Fees for the service of summons and subpoena are generally recoverable under 28 U.S.C. section 1920(1).  See Alflex Corp. v. Underwriters Lab'ys, Inc., 914 F.2d 175, 177-78 (9th Cir. 1990) (per curiam).  That section provides that the court may award the

prevailing party "[f]ees of the clerk and marshal."  28 U.S.C. § 1920(1).  Local Rule 292 allows the taxation of "Marshal's fees and fees for service by a person other than the Marshal under Fed. R. Civ. P. 4 to the extent they do not exceed the amount allowable for the same service by the Marshal[.]"  E.D. Cal. L.R. 292(f)(2).  Marshal's fees are governed by 28 U.S.C. section 1921, which allows the collection of fees for serving a subpoena or summons.  28 U.S.C. § 1921(a)(1)(A).  Section 1920(4) also allows for the recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. 1920(4).

Here, City of Stockton seeks to recover $5,645.63 for subpoenaed records of Plaintiff's medical providers, as well as schools attended by Plaintiff, and has submitted itemized invoices for each of the twenty-five subpoenas served.  See Bill of Costs at 15–35.  These invoices include basic subpoena fees, service fees, subpoena preparation fees, as well as other fees including document production fees.  Id.  While Plaintiff generally objects that City of Stockton's fees are unsupported, preparation of the subpoena and other fees listed by City of Stockton are attendant to a subpoena's service, and Plaintiff has not provided any evidence the amounts sought necessarily exceed those currently charged by the Marshal for the same service.  Cf. Fay v. Fay, No. 1:13-cv-01362-AWI-MJS, 2015 WL 7271713, at *4 (E.D. Cal. Nov. 17, 2015) (reducing taxable fees in light of subpoena fees normally charged by the Marshals in 2015).  Thus, these costs are properly taxed against Plaintiff under 28 U.S.C. section 1920(1).  See Alfex Corp., 914 F.2d at 178 (holding

6

"private process servers' fees are properly taxed as costs" as fees of the clerk and marshal under section 1920(1)).  Plaintiff also fails to submit evidence that the subpoenaed records were somehow duplicative or otherwise not obtained by City of Stockton under a reasonable belief that the documents could be necessary for issues at summary judgment or trial.  See Terry v. Allstate Ins. Co., No. 05-2261, 2007 WL 3231716, at *12-13 (E.D. Cal. Oct. 31, 2007) (citing United States EEOC v. W&O Inc., 213 F.3d 600, 623 (11th Cir. 2000) ("[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue.").

The Court finds that $5,645.63 of City of Stockton's requested subpoena fees are taxable.

C.    Plaintiff's Inability to Pay

Finally, Plaintiff argues that an award of costs to City of Stockton would "render both Plaintiff and his father, his Guardian ad Litem, indigent."  Objs. at 4-5.  There are risks associated with every litigation, including the payment of costs if a litigant does not prevail.  However, the Court acknowledges Plaintiff's financial plight and, for the reasons discussed below, reduces the costs award to City of Stockton by 50%.

A district court need not give affirmative reasons for awarding costs.  Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).  However, if a court declines to award costs to the prevailing party, it must explain "why, in the circumstances, it would be inappropriate or inequitable to [do so]."  Ass'n of Mexican-Am. Educators, 231 F.3d at 593.

"Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247–48 (9th Cir. 2014).  "This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis."  Id. at 1248 (quotations omitted).

Substantial Public Importance.  The Ninth Circuit has found substantial public importance in cases that carry implications beyond the immediate parties involved.  For instance, in Association of Mexican-American Educators, plaintiffs raised an issue of substantial public importance because "the action affect[ed] tens of thousands of Californians and the state's public school system as a whole."  231 F.3d at 593.  Similarly, in Escriba, the court noted evidence suggesting that the plaintiff's claim under the Family and Medical Leave Act was of the type that could "establish the parameters of what constitutes sufficient employee notice" and furthermore "potentially had a much broader application to the workplace."  743 F.3d at 1248 (cleaned up).  Plaintiff makes no clear demonstration here that the outcome of his claims carries wider consequences for the public.  As such, Plaintiff's claims do not exceed the bounds of a controversy between the involved parties.  See Mosavi v. Mt. San Antonio Coll., No. LACV-15-04147-VAP-AFMX, 2018 WL 6219864, at *3 (C.D. Cal. Nov. 15, 2018) ("[T]his case amounted to a dispute between two people about whether sexual assault,

religious harassment, retaliation, and violence took place. Although every case alleging a potential civil rights violation is important, the present case is not 'extraordinary' as defined by the Ninth Circuit."). This factor weighs against Plaintiff.

Closeness and Difficulty of the Issues. Courts have found close and difficult issues under a variety of circumstances. For instance, a case may be close and difficult because it necessarily turns on a close factual or legal determination. See e.g., Escriba, 743 F.3d at 1248. Surviving summary judgment, though not determinative, is also evidence of a close and difficult issue. See, e.g., Hamilton v. Yavapai Cmty. Coll. Dist., No. CV-12-08193-PCT-GMS, 2022 WL 504474, at *2 (D. Ariz. Feb. 18, 2022) (concluding that the "case was far from an easy one" because "[t]he litigation lasted for the better part of a decade, and several of Plaintiff's claims survived motions to dismiss, for judgment on the pleadings, and for summary judgment"). Plaintiff has not argued that the issues presented here were close or difficult. Given that the Court granted summary judgment in City of Stockton's favor on three of Plaintiff's claims, and dismissed the rest, the Court finds that this factor weighs against Plaintiff.

Chilling Effect. Litigation is not without its risks and "liability for costs is a normal incident of defeat." Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). Yet the Ninth Circuit recognizes a countervailing policy to not unduly discourage "civil rights litigants who are willing to test the boundaries of our laws[.]" Stanley, 178 F.3d at 1080. While Plaintiff's section 1983 and related state law claims ultimately

failed, it is possible awarding costs in this unsuccessful but non-frivolous suit could cause other individuals to hesitate to bring their own meritorious claims.  The costs City of Stockton seeks are not extraordinarily high.  Cf. Ass'n of Mexican-Am. Educators, 231 F.3d at 591, 593 (concluding that costs in the amount of $216,443.67 were "extraordinarily high").  But "even modest costs can discourage potential plaintiffs who . . . earn low wages."  Escriba, 743 F.3d at 1249.  Thus, this factor weighs in favor of Plaintiff.

Plaintiff's Limited Financial Resources.  "Costs are properly denied when a plaintiff 'would be rendered indigent should she be forced to pay' the amount assessed."  Escriba, 743 F.3d at 1248 (quoting Stanley, 178 F.3d at 1080).  A plaintiff seeking to avoid paying costs is not required to "provide any evidence of her financial situation, but she does have the burden of demonstrating that [the] general presumption in favor of Defendants' costs does not apply."  Greene v. Buckeye Valley Fire Dep't, No. CV-11-02351-PHX-NVW, 2013 WL 12160997, at *1 (D. Ariz. July 16, 2013).  Here, Plaintiff argues that requiring him to pay City of Stockton's costs would render him and his Guardian ad Litem indigent, and provides declarations attesting to this fact. See Objs. at 4-5; see also Nicholas Serrano Decl., ECF No. 34-1; Jose Anthony Serrano Decl., ECF No. 34-2.  Accordingly, this factor weighs in favor of Plaintiff.

Economic Disparity Between the Parties.  As a general principle, "financial disparity almost always exists between individual plaintiffs litigating against . . . large defendants such as corporations or governments."  Van Horn v. Dhillon, No.

08-CV-01622-LJO-DLB, 2011 WL 66244, at *4 (E.D. Cal. Jan. 10, 2011).  Thus, "disparity alone is insufficient to overcome the presumption in favor of awarding costs."  Ayala v. Pac. Mar. Ass'n, No. C08-0119-TEH, 2011 WL 6217298, at *2 (N.D. Cal. Dec. 14, 2011).  Nevertheless, disparity is a consideration. Undoubtedly, there is a substantial economic disparity between Plaintiff and City of Stockton.  This factor weighs in favor of Plaintiff.

On balance, while the costs here are not extraordinary, given the potential chilling effect that awarding costs might create, Plaintiff's inability to pay, and the economic disparity between Parties, the Court finds it appropriate to reduce City of Stockton's costs by 50%.  See, e.g., Fox v. Arizona, No. CV-21-01089-PHX-MTL, 2024 WL 1344449, at *4 (D. Ariz. Mar. 28, 2024) (reducing costs by 50% because "Plaintiff has failed to demonstrate that this is an extraordinary case such that Defendants should be denied their costs outright").

## IV.  ORDER

Accordingly, IT IS HEREBY ORDERED that City of Stockton's Bill of Costs (ECF No. 33) is GRANTED in part.  The Court awards City of Stockton $6,800.12 in costs.[2]

IT IS SO ORDERED.

Dated: February 5, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] $405 (filing fees) + $7,549.60 (deposition transcript fees) + $5,645.63 (subpoena fees) = $13,600.23 x .5 = **$6,800.12.**